**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION**

| | |
|---|---|
| TIM HUCKABEE DDS, PA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>THE MESSAGE CENTER, INC., a North Carolina corporation,<br><br>*Defendants.* | Case No.<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Tim Huckabee DDS, PA ("Plaintiff" or "Huckabee") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant The Message Center, Inc. ("Message Center") to stop its practice of sending unsolicited fax advertisements to the fax machines of consumers and businesses nationwide, and to obtain redress for all persons injured by its conduct. Plaintiff, for its Complaint, alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

## NATURE OF THE ACTION

1.      Defendant Message Center claims to be a "HIPAA compliant nationwide answering service…providing reliable answering service exclusively to healthcare industry professionals" since 2004."[1]

2.      In an effort to generate new customers for its Message Center answering service, Defendant Message Center sent advertisements to thousands of fax machines nationwide without

---
[1] Brochure, http://free14daytrial.com/

prior express consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

3. The TCPA was enacted to protect consumers from unsolicited and repeated commercial fax messages exactly like those alleged in this case. Defendant sent these unsolicited fax advertisements despite the fact that neither Plaintiff nor the other members of the putative Class ever provided prior express consent to receive such advertisements.

4. By sending the unsolicited fax advertisements at issue in this Complaint, Defendant caused Plaintiff and the other members of the putative Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited fax advertisements. These unsolicited fax advertisements further damaged Plaintiff and the putative Class inasmuch as they lost the use of their fax machines, paper, and ink toner as a result of receiving such advertisements. That is, unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message. Unsolicited fax advertisements are also annoying and invade Plaintiff and the Class's privacy.

5. In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and now seeks: (a) an injunction requiring Defendants to cease all unsolicited faxing activities and (2) an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

6. Plaintiff Tim Huckabee DDS, PA is a professional association existing under the laws of the State of Texas.

7. Defendant Message Center, Inc. is a corporation incorporated and existing under the laws of the State of North Carolina with its principal place of business located at 527 Keisler Drive, Unit 101, Cary, NC 27518. Defendant's registered office address in Pennsylvania is 527 Keisler Drive, Unit 101, Cary, NC 27518. Defendant Message Center conducts business throughout this District, the State of North Carolina, and the United States.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA, which is a federal statute. The Court has personal jurisdiction over Defendant because Defendant conducts significant business transactions in this District, solicits business in this District, and because Defendant Message Center is incorporated here.

9. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant conducts significant business transactions in this District, solicits business in this District, because a substantial part of the events giving rise to this action occurred in this District and because Defendant Message Center is incorporated in this District.

## COMMON FACTUAL ALLEGATIONS

10. Defendant Message Center is in the business of providing answering services to healthcare professionals.

11. Defendant Message Center sent fax advertisements promoting Message Center's answering services.

12. Defendant sent (or had sent on their behalf) thousands of unsolicited fax advertisements to Plaintiff's and the members of the Class's fax machines without prior express

consent for the purpose of obtaining new customers for its answering services. The fax messages were unsolicited advertisements promoting Defendant Message Center's services.

13. Plaintiff and Class members did not give their prior express consent to receive fax messages from Defendant, or phone calls of any kind, nor did they desire to receive such fax advertisements.

**FACTS SPECIFIC TO PLAINTIFF**

14. Plaintiff Tim Huckabee DDS, PA is a dentist located in Texas.

15. On January 19, 2016, Plaintiff received a fax message from Defendant. *See* Figure 1 (showing a copy of the Message Center's fax advertisement sent to Plaintiff).



**(Figure 1.)**

16. Plaintiff did not provide its express consent to receive faxes from Defendant, nor did it have any other contact with Defendant.

17. Plaintiff did not have any type of an established business relationship with Defendant Message Center.

18. Defendant was and is aware that the unsolicited fax advertisements at issue were (and are continuing to be) sent, and that the faxes were being transmitted to consumers and entities that had not consented to receive them.

## CLASS ALLEGATIONS

19. Plaintiff Tim Huckabee DDS, PA brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of itself and a class of similarly situated individuals and entities defined as follows (the "Class"):

> All individuals or entities in the United States (1) to whom Defendant sent a telephone facsimile message; (2) advertising Defendant Message Center's products or services; and (3) for whom Defendant asserts it obtained prior express consent to call in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.

The following persons are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families, (2) Defendants, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former employees, officers and directors, (3) persons who properly execute and file a timely request for exclusion from the Class, (4) persons who have had their claims in this matter finally adjudicated and/or otherwise released, (5) the legal representatives, successors, or assigns of any such excluded persons, and (6) Plaintiff's counsel and Defendant's counsel. Plaintiff anticipates the potential need to amend the class definition once Defendant discloses the manner by which it obtained prior express consent to call the Plaintiff and identifies any third parties involved in the sending of the faxes at issue.

20. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has sent unsolicited fax advertisements to thousands of consumers and entities that fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

21. **Commonality and Predominance**: There are several questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common and predominant questions for the Class include, but are not necessarily limited to, the following:

    (a) whether Defendant's conduct violated the TCPA;

    (b) whether Defendant's fax messages constitute unsolicited advertisements;

    (c) whether Defendant systematically sent fax advertisements to members of the Class who did not previously provide Defendant with their prior express consent to receive such faxes; and

    (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

22. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class in that Plaintiff and the members of the Class sustained the same injuries arising out of Defendant's uniform wrongful conduct and transmission of unsolicited fax advertisements.

23. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

6
Case 5:16-cv-00220-FL   Document 1   Filed 05/02/16   Page 6 of 10

24.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's policies challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of these policies hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward members of the Class. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class. Plaintiff and the members of the Class have suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

25.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies

presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
Violation of 47 U.S.C. § 227 *et seq*.
(On behalf of Plaintiff and the Class)

26. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

27. Defendant sent, or directed to be sent, unsolicited fax message advertisements to fax machines belonging to Plaintiff and other members of the Class without their prior express consent to receive such messages.

28. Defendant's fax messages are unsolicited advertisements because they advertise and otherwise solicit consumers and businesses to purchase Defendant Message Center's goods and services and Plaintiff and the members of the Class did not consent to receive such messages. Specifically, the fax message included information about the availability of Defendant Message Center's services and provided a phone number and website where a fax recipient could sign up and pay for the same.

29. Plaintiff and members of the Class did not provide their express consent to receive fax messages from Defendant and did not have any form of a business relationship with Defendant.

30. By making, or having made on their behalf, the unsolicited fax calls to Plaintiff and Class members' fax machines without their prior express consent, Defendant has violated 47 U.S.C. § 227(b)(1)(C).

31. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited fax messages

and to maintain their fax machines, and under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

32. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tim Huckabee DDS, PA, Inc., individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff Tim Huckabee DDS, PA, Inc. as the representative of the Class, and appointing its counsel as Class Counsel;

B. An award of actual and statutory damages;

C. An injunction requiring Defendant to cease all unsolicited faxing activities, and otherwise protecting the interests of the Class;

D. An award of reasonable attorneys' fees and costs; and

E. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**TIM HUCKABEE DDS, PA**, individually and on behalf of all others similarly situated,

Dated: April 21, 2016                By: /s/ Ted Lewis Johnson
                                     One of Plaintiff's Attorneys

                         Steven L. Woodrow
                         swoodrow@woodrowpeluso.com
                         WOODROW & PELUSO, LLC
                         999 E Mexico Ave., Suite 300
                         Denver, Colorado 80210
                         Tel: 720.213.0675
                         Fax: 303.927.0809

                         Stefan Coleman
                         Law Offices of Stefan Coleman, PA
                         201 S Biscayne Blvd., 28th Floor
                         Miami, FL 33131
                         Tel: 877-333-9427
                         Fax: 888-498-8946

                         Ted Lewis Johnson
                         Attorney at Law
                         PO Box 5272
                         Greensboro, NC 27408
                         Tel: 336-252-8596
                         Fax: (336) 252-8596
                         Email: tedlewisjohnson@tedlewisjohnson.com
                         NC Bar ID #: 39791