IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-220-FL

| | | |
|---|---|---|
| TIM HUCKABEE DDS, PA, individually and on behalf of all others similarly situated, Plaintiff, | ) ) ) ) | |
| v. | ) ) | **ORDER** |
| THE MESSAGE CENTER, INC., a North Carolina Corporation, Defendant. | ) ) ) | |

This matter is before the clerk on the motion for entry of default [DE-5] filed by Plaintiff Tim Huckabee DDS, PA. For the reasons stated below, the motion is DENIED without prejudice.

Plaintiff initiated this action by filing a putative class action complaint [DE-1] on May 2, 2016. Plaintiff filed its motion for entry of default [DE-5] on September 19, 2016. Attached to the entry of default are two affidavits from a process server. The first affidavit states that the server returned a summons for defendant unexecuted "because defendant was evading service." Aff. of Service [DE-5-3]. Under additional information regarding service, the following notation appears:

> 5/9/16 @ 4:45 PM: White female employee answered; said Mr. Doug Voght [sic] wasn't in but expected him tomorrow
> 5/10/16 @ 1:10 PM: no answer, door locked; employee's red moped parked out front
> 5/10/16 @ 7:10 PM: attempted at 4113 Sykes Street Cary, NC (purported residence of Mr. Vought); no answer
> 5/12/2016: called and left message with employee to have Mr. Vought call me; attempted service thereafter at 4:55 PM and 5:38 PM

Id. In the second affidavit, the process server states:

> As prior attempts at service found the defendant evasive, I served the summons, cover sheet and complaint on the defendant through the North Carolina Secretary

of State, authorized by statute to accept process, on June 14th at 11:55 AM at 2 South Salisbury Street, Raleigh, NC 27601.

Aff. of Service [DE-5-2].

Rule 4(h) of the Federal Rules of Civil Procedure governs service on a corporation and provides, in pertinent part, that a corporation may be served:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . .

Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1), in turn, provides that service of process may be accomplished by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

In this case, plaintiff attempted, but did not cause, a copy of the complaint and summons to be delivered to an officer or agent of defendant, and service was therefore not effected under Federal Rule 4(h)(1)(B). Accordingly, plaintiff will be deemed to have served defendant with process only if it complied with the law of the state where this court sits, North Carolina.

North Carolina law allows for service on a corporation in the following ways:

a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.
b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.
d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b.,

2

delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C. Gen. Stat. 1A-1, Rule 4(j)(6). North Carolina requires domestic corporations to continuously maintain in this state a registered agent whose "sole duty . . . is to forward to the entity at its last known address any notice, process or demand that it is served on the registered agent." N.C. Gen. Stat. § 55D-30. If a corporation's "registered agent cannot with due diligence be found at the registered office," service may be had on the corporation by delivering a copy of the process to the North Carolina Secretary of State. N.C. Gen. Stat. § 55D-33(b).

Under North Carolina law, statutes authorizing substituted service "must be strictly construed both as to the proper grant of authority for such service and in determining whether effective service under the statute has been made." Coble v. Brown, 1 N.C. App. 1, 6, 159 S.E.2d 259, 263 (1968); see also Smith v. Jones, 183 N.C. App. 643, 646, 645 S.E.2d 198, 201 (2009). Strictly construing N.C. Gen. Stat. § 55D-33, the clerk cannot find that plaintiff has met its burden in showing that the prerequisite for substituted service has been met. Specifically, plaintiff has not shown that defendant's registered agent could not with due diligence be found at defendant's registered office.

Plaintiff attempted service at the registered office[1] on three separate dates. On two of the dates, however, the attempted service was near or after 5 p.m, the typical time for close of business. Plaintiff did not attempt any other method of service directed to defendant's registered agent at the registered office. Under these circumstances, the clerk cannot find that plaintiff has shown that defendant's registered agent "could not with due diligence be found at the registered office."

---

[1] The records available on the Secretary of State's website indicate that the president of defendant, Douglas Vought, also serves as its registered agent, and that the registered office is located at 527 Keisler Drive, Unit 101, Cary, NC, 27511. See Articles of Incorporation for The Message Center, Inc., available at http://www.sosnc.gov/Search/filings/10522551 (last visited December 30, 2016).

Compare Nail v. Member Servs., Inc., 173 N.C. App. 756, 620 S.E.2d 320 (2005) (finding substituted service proper where registered mail addressed to registered agent was returned with notation "Forwarding Time Expired") with Interior Distributors, Inc. v. Hartland Constr. Co., 116 N.C. App. 627, 631, 449 S.E.2d 193, 195-96 (1994) (finding service improper where plaintiff's attorney had knowledge of defendant's correct address but still made service through the Secretary of State). Without such a showing, the clerk cannot find that substitute service was authorized or effective under N.C. Gen. Stat. § 55D-33(b).

Accordingly, the motion for entry of default [DE-5] is DENIED without prejudice.

SO ORDERED. This the 6th day of January, 2017.

_____
Julie Richards Johnston
Clerk of Court